# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5046 | **DATE** | 6/28/2011 |
| **CASE TITLE** | Donaldson, et al. v. Phoels, et al. | | |

**DOCKET ENTRY TEXT:**

Motion hearing held. The Court dismisses plaintiff Eriko Donaldson's claims for want of jurisdiction. After she has exhausted her administrative remedies, she may refile her claims. Because the Court is dismissing the claims for want of jurisdiction, plaintiff Eriko Donaldson's motion for voluntary dismissal without prejudice [50] is denied as moot. The claims of plaintiff Pedro Donaldson are dismissed with prejudice. Plaintiff Pedro Donaldson's motion to proceed pro se [52] is denied as moot.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form .

00:10

## STATEMENT

The Court previously granted plaintiffs leave to proceed *in forma pauperis* and appointed separate counsel for plaintiff Eriko Donaldson ("Eriko") and plaintiff Pedro Donaldson ("Pedro"). Eriko's counsel has filed a motion to dismiss without prejudice, because counsel believes she has not exhausted her administrative remedies. Pedro has filed a motion to proceed *pro se*.

The Court agrees with Eriko's counsel that the Court does not have jurisdiction over Eriko's claim, because she has not exhausted her administrative remedies. Jurisdiction to review a decision of the Social Security Administration to deny benefits is available only under 42 U.S.C. § 405(g), and § 405(g) requires a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). Section 405(g) leaves "final decision" undefined, and the Secretary is left to regulate the administrative remedies. *Weinberger*, 422 U.S. at 766. The regulations set out a four-step process that must be completed before one can litigate his claim in federal court.

As is alleged in the complaint (and as updated by Eriko's counsel), Eriko's first problem with the SSA started when her appointed guardian erroneously concluded that she was missing and stopped her payments. This led to Eriko's being unable to afford her medication and, ultimately, losing custody of her child. Eriko challenged the decision not to have her husband (Pedro) as her guardian, and an ALJ ("ALJ Logan") ultimately concluded that Pedro should be the guardian. In the meantime, however, SSA had concluded that Eriko was ineligible for benefits, because she did not meet the citizenship requirements. This issue had come up by the time ALJ Logan heard the case. ALJ Logan, however, concluded that the only issue properly before him was whether Pedro should be the guardian, so he did not consider the citizenship issue. The Appeals Council agreed with ALJ Logan.

In separate proceedings, Eriko has challenged Social Security's conclusion that she does not meet the citizenship requirements. An ALJ ("ALJ Harmon") held an evidentiary hearing on November 2, 2009 and concluded that Eriko did not meet the citizenship requirements for benefits. Eriko's appointed counsel reports that Eriko has appealed ALJ Harmon's decision and that the appeal is still pending.

Because the appeal is still pending, Eriko's appointed counsel is correct that Eriko has not exhausted her administrative remedies. Accordingly, the Court lacks jurisdiction, and the case is dismissed for want of jurisdiction. Eriko can refile her claims once her administrative appeal has been decided. Eriko's motion to dismiss voluntarily is denied as moot.

Like Eriko, Pedro is proceeding *in forma pauperis*. Under the *in forma pauperis* statute, a court "shall" dismiss the case if at any time the court determine that the claim is frivolous, fails to state a claim or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Although Pedro's claims are difficult to decipher, it appears that he is attempting to make out an Equal Protection claim. He seems to think that he was treated differently due to his race. Specifically, he seems to be alleging that, because of his race, a court appointed a state agency as Eriko's guardian instead of appointing him guardian. Also, he seems to believe that the reason SSA started questioning Eriko's citizenship is because Pedro is black.

With respect to Pedro's claim that the court should have made him a guardian, this Court notes that the claim is moot, because Pedro has, in fact, been made Eriko's guardian. Even if the claim were not moot, it would still be dismissed, because the proper defendant (the judge who entered the order) has not been named and would, in any case, be immune from suit. That claim is dismissed with prejudice.

Pedro's other claim–that SSA is challenging Eriko's citizenship only because Pedro is black–must be dismissed as well. First, this *Bivens* claim, like § 1983 claims, cannot be based on *respondeat superior*. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Yet Pedro has failed to name any government employees who discriminated against or what actions they took that were discriminatory. Pedro has failed to state a claim and, thus, the *in forma pauperis* statute requires that the Court dismiss the claim. In any event, the Court also concludes that Pedro lacks standing to bring this claim, because it is Eriko, not Pedro, who was injured by the alleged conduct. This claim is dismissed withprejudice.

Finally, because the Court is dismissing Pedro's claims, the Court denies as moot his motion to proceed *pro se*.